UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHONSO SCOTT,

            Petitioner,

                                            Case No. 12-13245

v.                                      Honorable David M. Lawson

JEFF WOODS,

            Respondent.

_____/

### ORDER GRANTING MOTION FOR IMMEDIATE CONSIDERATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE

Petitioner Alphonso Scott, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After a jury trial in the Detroit Recorder's Court, the petitioner was convicted of two counts of first-degree criminal sexual conduct. The petitioner was sentenced to thirty to seventy years in prison for each count, to be served concurrently, on January 31, 1997. The petitioner alleges that the state trial court improperly calculated his sentence based on an inaccurate criminal history score. On July 24, 2012, the petitioner filed his petition and a motion for immediate consideration. The Court concludes that the petition was filed out of time, the late petition cannot be saved by the doctrine of equitable tolling, and the errors alleged by the petitioner are errors of state law not cognizable on habeas review. The Court, therefore, will grant the petitioner's motion for immediate consideration and dismiss the petition with prejudice.

I.

On November 6, 1996, the petitioner was convicted of two counts of first-degree criminal sexual conduct in state court. The sentencing occurred on January 31, 1997. The petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which affirmed the lower court on August 11, 1998. *People v. Scott,* No. 202904, 1998 WL 1990413 (Mich. Ct. App. Aug. 11, 1998). On April 27, 1999, the Michigan Supreme Court denied the petitioner leave to appeal. *People v. Scott*, 459 Mich. 983; 593 N.W.2d 554 (2006) (Table).

In May 1999, the petitioner filed a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et seq.*, which was denied on November 16, 1999. *People v. Scott,* No. 95-004682-01 (Wayne Cnty. Cir. Ct., Nov. 16, 1999). The Michigan Court of Appeals denied the petitioner's application for leave to appeal. *People v. Scott,* No. 230962 (Mich. Ct. App. Jan. 19, 2001). The petitioner states that he did not seek leave to appeal to the Michigan Supreme Court.

According to the petitioner, on July 30, 2003, he received a copy of his sentencing information report for the first time and observed what he characterizes as an error in scoring his prior criminal record for sentencing purposes. The petitioner states that he filed a motion entitled "Motion for Resentencing" in the trial court on July 30, 2007, which the trial court construed as a second motion for relief from judgment and denied on September 8, 2008. *People v. Scott*, No. 95-004682-01 (Wayne Cnty. Cir. Ct., Sept. 8, 2008). The Michigan Court of Appeals denied leave to appeal this decision on July 16, 2009. *People v. Scott*, No. 292236 (Mich. Ct. App. July 16, 2009). The petitioner then filed a motion in the Michigan Supreme Court styled as a "Complaint for Superintending Control." On February 10, 2010, the Michigan Supreme Court rejected the motion

as unsuitable for filing as it sought to appeal the Michigan Court of Appeals's decision but was filed after the appeal deadline.

The petitioner then filed a complaint for a writ of mandamus in the Ingham County, Michigan circuit court, which was dismissed for lack of jurisdiction on May 3, 2011. *People v. Scott*, No. 11-479-AW (Ingham Cnty. Cir. Ct., May 3, 2011). Thereafter the petitioner filed a motion for relief in the Michigan Supreme Court, which sent a letter to the petitioner dated July 7, 2011 stating that it denied the motion and would not accept further pleadings regarding the petitioner's scoring claim. The petitioner filed a successive motion for relief from judgment in the trial court, which was denied on February 2, 2012. *People v. Scott*, No. 95-004682-01 (Wayne Cnty. Cir. Ct. Feb. 7, 2012).

The present petition was filed June 24, 2012.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996 and governs the filing date for the habeas application in this case because petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a new, one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *See Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003). The one-year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A habeas petition filed outside the time period prescribed by that section must be dismissed. *See Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765-66 (E.D. Mich. 2002).

In this case, the Michigan Supreme Court denied the petitioner's direct appeal on April 27, 1999. His conviction became final 90 days later, on or about July 26, 1999. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009); S. Ct. R. 13(1). The petitioner filed a post-conviction motion sometime thereafter, and those state proceedings concluded on January 19, 2001. The habeas filing deadline was tolled, therefore, until that date. *See* 28 U.S.C. § 2244(d)(2). The deadline expired on January 19, 2002, one year later.

The petitioner did not file his habeas petition with this Court until June 24, 2012, more than ten years after the limitations period expired. Although the petitioner filed several motions seeking post-conviction or collateral review after his initial round of appeals was unsuccessful, these motions were filed between 2007 and 2012, years after the expiration of limitations period. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period under 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003).

The petition contends that his petition is not untimely, however, because he did not receive information about his guideline scoring until July 30, 2003. Presumably, he seeks to invoke the trigger date for the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), which begins the one-year filing period on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The petitioner bears the burden of showing that he exercised due diligence in attempting to acquire the information on which his habeas claim is based. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). To meet that burden, the petitioner ought to address such questions as (1) what is the information and why is it "new"; (2) when and how he obtained the new factual information; (3) why he could not have discovered that information previously; and (4) whether and how those facts would establish by clear and convincing evidence the merits of his claim. *See Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001).

In this case, the petitioner contends that his state sentencing guidelines were scored higher than they should be because a conviction for receiving and concealing stolen property was counted as a prior offense, when in fact he was on bond for that crime — that is, he had not been convicted of it yet — when he committed the criminal sexual conduct offenses for which he was sentenced. He argues that because the conviction had not occurred, the offense should not be considered a "prior" felony. And he says that the discrepancy did not come to his attention until he belatedly received the written sentencing information report (SIR) when the court clerk sent it to him in 2003 in response to his second request for his records.

It may be true that the petitioner did receive his SIR until well after his direct appeal was finalized. However, the prior record variable and its role in the sentencing guideline calculation was

discussed on the record at the sentencing proceeding on January 31, 1997. Sent. Hr'g Tr. at 4-5 (Jan. 31, 1997). Certainly, at the time of his sentencing on the present offense, the petitioner knew when he was charged and convicted of the property crime, and the discussion about using that prior crime in calculating the guidelines for the present offenses occurred in his presence in the courtroom. Although the use of that prior offense and its significance may not have occurred to the petitioner until he saw the SIR, the *fact* of the prior offense and the timing of his conviction of it in relation to his commission of the present crimes was available to the petitioner in 1997. Therefore, the petitioner cannot show due diligence, and cannot use section 2244(d)(1)(D) to extend his statute of limitations.

The Court concludes that the petition in this case is untimely.

The Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). But the Court has cautioned that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin*, 308 F.3d at 653. "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011) ("With *Holland* now on the books, the 'extraordinary

circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit.").

The petitioner is not entitled to equitable tolling. The petitioner indicates that he did not receive his sentencing information report, which alerted him to the alleged miscalculation, until July 30, 2003. Accepting that allegation as true, the petitioner concedes that he did not file any motions in state court seeking relief on this basis until July 30, 2007, four years later. He does not say why he waited so long. That unexplained gap in time precludes him from establishing reasonable diligence in pursuing his rights. *See e.g. Warren v. Garvin,* 219 F. 3d 111, 113-14 (2d Cir. 2000) (holding that a habeas petitioner failed to exhibit reasonable diligence in one-year-eight-month interval between the dismissal of his first petition and filing his second petition, during which he decided not to pursue his additional claims in state court). Nor has the petitioner identified any extraordinary circumstances that prevented him from complying with section 2244(d)(1). The petitioner argues that the state court's failure to provide him with a copy of his sentencing information report constitutes an external factor that impeded his efforts to comply with state procedural rules. But this does not explain why the petitioner waited four years to take any action based on the sentencing information report.

Finally, the Sixth Circuit also has held that a credible claim of actual innocence may equitably toll the one-year limitations period. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1190 (E.D. Mich. 2001). As explained in *Souter,* to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298,

327-28 (1995) (internal quotation marks omitted)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. The petitioner makes no such showing. The unlikely prospect here of actual innocence does not warrant equitable tolling.

Even if the petition were timely, however, the Court would deny the petition. The petitioner asserts that he is entitled to habeas relief because the state trial court mis-scored his sentencing guidelines. A claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Therefore, the petitioner's claim that the trial court erred in scoring Prior Record Variable 2 under the state sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797-98 (E.D. Mich.1999).

### III.

The petitioner failed to file his petition for a writ of habeas corpus within the one-year limitations period established by 28 U.S.C. § 2244(d). The petitioner has not established that he is entitled to statutory or equitable tolling of the limitations period. In addition, the petition presents only a state law claim that is not cognizable on federal habeas review.

Accordingly, it is **ORDERED** that the petitioner's motion for immediate consideration [dkt. #3] is **GRANTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** with prejudice.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   July 27, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 27, 2012.

s/Deborah R. Tofil  
DEBORAH R. TOFIL